UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COPTERLINE OY                                                    MISC. ACTION

VERSUS                                                           NO.  08-3185

SIKORSKY AIRCRAFT CORPORATION                                    SECTION "J"

ORDER AND REASONS
GRANTING Cadorath Aerospace, Inc.'s
MOTION TO PARTIALLY QUASH SDT

Before the Court is non-party Cadorath Aerospace, Inc.'s motion to partially quash subpoena (Doc. #1).  Plaintiff Copterline Oy opposed the motion.  The matter was the subject of oral hearing and thereafter the matter was deemed submitted for determination.  For the following reasons, the motion to partially quash subpoena is GRANTED.

Background

Cadorath Aerospace, Inc. is a Canadian Corporation which was issued a subpoena in connection with a case pending in United States District Court in Connecticut.  Copterline Oy is the plaintiff in that action arising out of a helicopter crash that occurred on about August 10, 2005 in Tallinn, Estonia.  Defendant helicopter manufacturer, Sikorsky Aircraft Corporation, is headquartered in Connecticut where suit was filed.  Copterline explains that an international commission was appointed to investigate the crash and its investigation revealed that Cadorath Aerospace, Inc. (a Canadian corporation) overhauled the suspected defective component and returned it to Sikorsky's sales subsidiary immediately before it was sold to Copterline and installed on the helicopter that later crashed.

1

The subpoena duces tecum ("SDT") at issue in this case appears to have been issued by plaintiff Copterline Oy. It is undisputed that, on or about April 10, 2008, the SDT was served on counsel, Lance J. Arnold, *as registered agent* for both Cadorath Aerospace, Inc. and Cadorath Aerospace Lafayette, LLC. Nevertheless, the motion relates solely to Cadorath Aerospace, Inc. and Lance Arnold is not the registered as the agent for service of process of the Canadian entity. Additionally, he is not an officer or employee of Cadorath Aerospace, Inc.

### Cadorath Aerospace, Inc.'s Motion to Partially Quash SDT #1

As suggested above, Cadorath Aerospace, Inc. contends that service as to it upon Lance Arnold constitutes defective service. In this regard, Cadorath Aerospace, Inc. is a Canadian Corporation with offices and principal place of business in Canada. Cadorath Aerospace Lafayette, LLC maintains its operations in the Western District of Louisiana and has only one member – *i.e.*, Cadorath Holdings (USA), Inc., a Delaware Corporation. It is undisputed that Copterline Oy made no attempt to serve Cadorath Aerospace, Inc. in Canada, and Lance J. Arnold is not the registered agent for service of process of that foreign Canadian corporation.

### Discussion

The issue before the Court is whether, under Louisiana law, Cadorath Aerospace Lafayette, LLC was properly served with the SDT in question as agent for Cadorath Aerospace, Inc. (a Canadian corporation). The undersigned thinks not. While Cadorath Aerospace, Inc. does represent itself over the internet as a global leader in the repair, modification and overhaul of aeronautical products, with the fastest growing component of overhaul facilities servicing global markets, that does not bestow on the newest facility in Lafayette, Louisiana a principal-agent relationship with the Canadian parent affiliated with the Cadorath Group, such that it has

"possession," "control" and/or the "practical ability" to obtain the documentation from the separate Canadian corporation at issue.

There was no showing made that the two companies, Cadorath Aerospace, Inc. and newcomer Cadorath Aerospace Lafayette, LLC operate or operated as a unit at the time of the accident/transaction in question, when the Cadorath Aerospace Lafayette, LLC had not yet come into existence.  In light of the foregoing, it is questionable indeed that Cadorath Aerospace Lafayette, LLC has any "control" or the practical ability to access the Canadian entity's relevant documentation.  As to Cadorath Aerospace Lafayette, LLC's ability to orchestrate a production of documents in Canada regarding circumstances and service over which it could have had no knowledge, that is hardly the analogue contemplated by Louisiana law regarding single business enterprises (SBE) and the concomitant imputation of the principal-agency relationship between related entities.

Under the facts and circumstances presented *in this case*, the undersigned cannot find any transactional relationship between Cadorath Aerospace, Inc. and Cadorath Aerospace Lafayette, LLC, regarding the service at issue, much less such a relationship between parent and subsidiary which is or was *pivotal* at any time pertinent to the Connecticut litigation.  Considering the foregoing, the line of jurisprudence[1] cited by Copterline Oy is entirely distinguishable from the circumstances presented here.

In *Addamax Corp. v. Open Software Foundation, Inc.*, 148 F. R. D. 462 (D. Mass. 1993), the court explained that the word "control" is broadly construed in application but in the

---

[1] *See Addamax Corp. v. Open Software Foundation, Inc.*, 148 F. R. D. 462, 467 (D. Mass. 1993) (ordering a subsidiary corporation to produce documents in the possession of its German parent corporation upon finding that the nature of the transactional relationship between parent and subsidiary corporation was pivotal under the circumstances presented in that case).

following terms: "In the circumstance when documents are in the possession of a corporate parent, but are sought from the subsidiary, ... control has been found to exist where the 'alter ego' doctrine warranted piercing the corporate veil, and where the subsidiary was an agent of the parent *in the transaction giving rise to the suit....*" *Id*. at 464-65 (italicized emphasis added and inner quotation marks omitted).  The *Addamax* court further highlighted that *plaintiff had the burden of proof* and determined that Addamax had met its burden of proof regarding its agency theory by producing sponsor lists, a sponsor contact list listing eleven Nixdorf contacts including five (5) in West Germany, an agreement signed by the Vice President of Nixdorf Computer A.G. and a sponsor contact list showing the same person as President of Nixdorf Computer at a West German address, *inter alia*.  *Id.* at 465.

In the case at bar, Copterline Oy has produced only a print out of Cadorath Aerospace, Inc.'s website – www.cadorath.com – which sets forth generalized representations regarding its global service more particularly described above.  Moreover, it is undisputed that Cadorath Aerospace Lafayette, LLC, a relative newcomer to the Cadorath Group, was not in existence at the time of the transaction which is the subject of the Connecticut lawsuit; thus, it would not have possession, custody, control of or access to relevant documents, blue prints or service manuals nor would it have access to same *in the usual course of its business*, if any, with the Canadian parent (Cadorath Aerospace, Inc.).  In fact, Cadorath Aerospace Lafayette, LLC  was not doing business at all at the pertinent time.  Suffice it to say, Copterline Oy has failed to meet the "transactional relationship test" utilized by the courts to determine whether related companies are "under common ownership and control"[2] and, it is doubtful at best that Cadorath

---

[2] *See Goh v. Baldor Elec. Co.*, 1999 WL 20943 (N. D. Tex. 1999) (distinguishing cases cited by Copterline Oy, including *Cooper Industries, Inc. v. British Aerospace, Inc.*, 102 F. R. D.

Aerospace Lafayette, LLC (a non party to the Connecticut lawsuit), has either the authority or *practical ability* to obtain documents from the Canadian non-party, Cadorath Aerospace, Inc., without engaging in the very same exercise involving The Hague Convention/letters rogatory – *i.e.*, a costly, cumbersome and slow process that counsel for plaintiff hereby seeks to avoid.

For all of the above and foregoing reasons, including that service of the subpoena on Cadorath Aerospace Lafayette, LLC's registered agent for service of process was improper,

IT IS ORDERED that non-party Cadorath Aerospace, Inc.'s Motion to Partially Quash SDT # 1 is GRANTED.

New Orleans, Louisiana, this 18th day of June, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

918 , 919 (S. D. N. Y. 1984) where the subsidiary sold and serviced airplanes to which the documents related, was wholly owned by the British parent, in the contract of sale for the airplane in question, the subsidiary described itself as an "affiliated company" of the British parent and the documents plaintiff sought related to the airplanes that the subsidiary worked with every day).